UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                MEMORANDUM AND ORDER
                                              10 CR 970 (ILG)
  -against-

JORGE OUVINA,

                Defendant.
---------------------------------------------x
GLASSER, United States District Judge:

        The defendant moved pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel as the ground upon which his petition is based. Dkt. No. 68 at page 4. At p. 13 of that petition, however, he asks the Court to grant him leave to withdraw his previously entered plea of guilty or in the alternative to "amend the judgment to delete a reference to an obligation to repay restitution." Prior to filing this petition pursuant to § 2255, the defendant filed a motion pursuant to 18 U.S.C. §§ 3564(c). 3663(g) and Fed. R. Cr. P. 32.1(C)(1) requesting an Order that would terminate prematurely a four year term of probation imposed on March 2, 2012, and amend the judgment of conviction by deleting his obligation to make restitution that it imposes.

## Background

        The defendant was indicted on December 9, 2010, charged with embezzling and converting to his own use monies owed to the welfare and pension benefit plans owed to and operated on behalf of the Laborers' International Union of North America, Locals 66, 78 and 79 in violation of 18 U.S.C. § 664.

        B. Shatsky, Esq., entered a notice of appearance as retained counsel and represented him when he was arraigned on the complaint on December 3, 2010, Dkt.

No. 4, and entered his Notice of Appearance, Dkt. No. 6. Mr. Shatsky also represented him when subsequently arraigned on the indictment on December 17, 2010. Dkt. No. 11. Thereafter, although no application to be relieved is reflected on the docket sheet, Robert F. Gold, Esq. was retained and entered a Notice of Appearance on January 18, 2011. A flurry of pretrial activity regarding discovery and bail matters led to a motion by Mr. Gold to be relieved as counsel on March 21st, Dkt. No. 31, and granted on March 24, 2011. On that day, the Court appointed Richard Kwasnick to represent the defendant pursuant to the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, Dkt. No. 32. Discovery proceeded, plea negotiations began and by letter dated August 30, 2011, Mr. Kwasnick requested to be relieved for reasons stated. Dkt. No. 43. His request was granted on September 1, 2011 and new counsel, Joel S. Walter, was appointed, again pursuant to the CJA, Dkt. No. 44. Mr. Ouvina was advised that he has no constitutional right to have counsel of his choice appointed and the Court would not look favorably upon a request to have yet another attorney appointed to represent him. On October 4, 2011, Ouvina pleaded guilty to the indictment.

On March 2, 2012, Ouvina was sentenced to a four year term of probation which was a not insignificant departure from the 12-18 months the Guidelines advised, but which was thought to be sufficient and reasonable given a careful consideration of the factors of 18 U.S.C. § 3553(a).

## Discussion

A.  His motion for early termination of probation pursuant to § 3564(c) is denied. His citation to § 3663(g) is moot, that section having been repealed in 1996. § 3564(C) authorized the early termination of probation in the case of a felony after one

year of that term has expired if the Court is satisfied that termination is warranted by the defendant's conduct and the interests of justice after considering the factors of § 3553(a). The reasons advanced by the defendant in support of his application is that he has complied with the conditions of probation during the first 10 months of its term and that he alleges it (probation) to being an obstacle to obtaining the positions he believes to be qualified for. Early termination is not warranted because the defendant has complied with the conditions of probation. That is precisely what he was required to do - in lieu of imprisonment. Early termination may be favorably considered when, for example, changed circumstances make the conditions of probation too harsh. Neither the defendant's conduct nor the interests of justice justify early termination and this motion is denied.

  B. His motion to vacate the order of restitution based on a settlement agreement reached with the victim is denied. The precise issue was raised, considered and determined to be without merit in United States v. Hamburger, 414 F. Supp.2d 219 (E.D.N.Y. 2006). In addition, the Court of Appeals in United States v. Kaminski, 339 F.3d 84 (2d Cir. 2003), decided that the district court did not have subject matter jurisdiction to entertain a motion pursuant to § 2255 to vacate a non-custodial order of restitution.

  C. The motion to withdraw, post-sentence, his plea of guilty is denied. Rule 11(e) Fed R. Cr. P. provides, in relevant part, that a defendant may not withdraw a plea of guilty after the court has imposed sentence.

  D. His motion alleging ineffective assistance of counsel is properly brought pursuant to § 2255. Upon receipt of this motion, the Court extended an invitation to Mr.

Walter to respond on or before February 18, 2013, in person, by affidavit or brief to the allegations against him as required by Sparman v. Edwards, 154 F. 3d 51 (2d Cir. 1998). A determination of that prong of the motion will, therefore, await Mr. Walter's response.

## Conclusion

The motions to prematurely terminate the term of probation, to vacate the previously entered order of restitution and to withdraw his plea of guilty are denied. His motion for appropriate relief based upon his allegation of ineffective assistance of counsel is held in abeyance pending a response from Mr. Walter.

SO ORDERED.

Dated: Brooklyn, New York
January 23rd, 2013

/s/ I. Leo Glasser