UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------x
JORGE OUVINA,

                Petitioner,

     -against-

UNITED STATES OF AMERICA,

                Respondent.
-----------------------------------------------x

MEMORANDUM AND ORDER
13 CV 2700 (ILG)

GLASSER, United States District Judge:

Pending before the Court is the Petitioner's Application for a Certificate of Appealability in accordance with 28 U.S.C. § 2253(c)(1)(B).

## **Background**

On October 4, 2011, the petitioner pleaded guilty to embezzling monies owed to welfare and pension benefit plans in violation of 18 U.S.C. § 664. He was sentenced on March 2, 2012, to a four year period of probation and ordered to pay restitution in the amount of $50,689.57.

On January 9, 2013, claiming ineffective assistance of counsel, petitioner through counsel filed a petition pursuant to 28 U.S.C. § 2255. The ineffective assistance claim was counsel's failure to object to the order of restitution issued incident to the petitioner's sentence and his failure to move this Court to correct that order or seek to correct it on appeal.

He also moved pursuant to 18 U.S.C. § 3564(C) for an order that would prematurely terminate the period of his probation for the reason that he complied with its conditions during the first ten months of its term. Incorporated in that motion too, was one to vacate the order of restitution based on a settlement agreement he had

reached with the victim.  Sought also was an order granting his motion to withdraw his guilty plea.

The motion for premature termination of probation was denied.  Besides relying in part on a statute which was repealed more than 15 years earlier (§ 3663(q)), it was also plainly frivolous.

His motion to vacate the order of restitution was denied for two reasons, each of which would have warranted sanctions pursuant to Rule 11, Fed. R. Civ. P.  Research would have revealed a similar motion was decided to be meritless in <u>United States v. Hamburger</u>, 414 F. Supp.2d 219 (E.D.N.Y. 2006), and <u>United States v. Kaminski</u>, 339 F.3d 84 (2d Cir. 2003) would have informed that this Court lacked subject matter jurisdiction to entertain a § 2255 motion to vacate a non-custodial order of restitution.

His ineffective assistance motion was deferred pending an opportunity extended to counsel alleged to be ineffective to respond.  Dkt. No, 78, 10 CR 970, Memorandum and Order, January 23, 2013.

An affidavit in response to the claim of rendering ineffective assistance was received thereafter and in a Memorandum and Order dated April 8, 2013, familiarity with which is assumed, Dkt. No. 87, 10 CR 970, his petition pursuant to § 2255 was denied.

On May 3, 2013, petitioner filed a Notice of Appeal and an Application for a Certificate of Appealability.  Dkt. No. 21, 13 CV 2700.  On May 9, 2013, his application was denied.  Dkt. No. 22.

Petitioner, through counsel, moved the Court of Appeals for a Certificate of Appealability which that Court denied and dismissed his appeal for the reason that:

"Petitioner failed to . . . present to the district court the issue presented for appeal, whether his trial counsel was ineffective for failing to file a notice of appeal from his criminal judgment." The Court's Mandate was issued on September 18, 2013. Dkt. No. 23, 13 CV 2700.

Following the issue of the Court's Mandate, petitioner, through counsel on April 4, 2014, moved this Court pursuant to Fed. R. Civ. P. 60(b)(1) for an Order that would "Correct/Amend the Order Filed April 9, 2013 Which Dismissed the 28 U.S.C. § 2255 Petition," Dkt. No. 24. The motion is "based on petitioner's mistake, inadvertence and/or excusable neglect in presenting and briefing the § 2255 petition issues . . . ." In an Order dated April 28, 2014, Dkt. No. 27, familiarity with which is assumed, his motion was denied. Once again, the imposition of a sanction pursuant to Rule 11, Fed. R. Civ. P. would have been warranted. Research would have revealed Gonzalez v. Crosby, 545 U.S. 524, 530-531 (2005), which held that "Virtually every Court of Appeals to consider that question has held that such a pleading, although labeled a Rule 60(b) motion, is in substance a successive habeas petition and should be treated accordingly."

Undeterred, petitioner through counsel filed on May 30, 2014, a Notice of Appeal and an Application for a Certificate of Appealability. Dkt. No. 30, 13 CV 2700. His Notice, p.1 states that he appeals from the "final order entered on April 29, 2014 which dismissed the Rule 60 Motion . . . ." On p.2 in his "Application for Issuance of a Certificate of Appealability" (COA), he requests the issuance of a COA "with respect to the claim raised and prosecuted in his Rule 60 motion . . . . In denying this Rule 60 motion, the Court summarily dismissed it because it viewed the Rule 60 motion as an unauthorized and successive 2255 petition." As an appeal from the Court's Rule 60

Order, it is time-barred. Rule 4(a)(4)(A)(VI) Fed. R. App. P. and the Local F. R. App. P. require that notice of appeal for relief under Rule 60 be filed no later than 28 days after the judgment is entered. His Notice of Appeal was filed 32 days after the Order was entered. Rule 26(a)(1); Local F. R. App. P. 26(a)(1).

If viewed as an Application for a Certificate of Appealability pursuant to 28 U.S.C. § 2253(C)(1)(B)(2), it is denied for the reason that no substantial showing has been made that he has been denied a constitutional right beyond his merely saying so.

SO ORDERED.

Dated: Brooklyn, New York
July 2, 2014

s/
I. Leo Glasser